Filed 4/14/14  P. v. Fellows CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JOHN FELLOWS,<br><br>    Defendant and Appellant. | 2d Crim. No. B246768<br>(Super. Ct. No. ZM009818)<br>(Los Angeles County) |

Michael John Fellows appeals from an order, entered after a court trial, committing him to the State Department of State Hospitals as a sexually violent predator. (SVP; Welf. & Inst. Code, § 6600 et seq.)[1]  We appointed counsel to represent appellant. After counsel's examination of the record, counsel filed an opening brief raising no issues and requested that we independently review the record pursuant to *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] and *People v. Wende* (1979) 25 Cal.3d 436, which the court may do in its discretion.  (See *Conservatorship of Ben. C.* (2007) 40 Cal.4th 529, 544, fn. 7.)

On December 3, 2013, we advised appellant that he had 30 days within

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

which to personally submit any contentions or issues he wished us to consider.  On March 12, 2104, we received a supplemental brief from appellant stating, among other things, that appellant was compelled to proceed to trial without adequate notice, that appellant did not have adequate time to collect documentary evidence to disprove the expert psychiatric evaluations, that appellant was not provided an appropriate "time frame" for a witness, Jay Adams, to be heard and the judgment is not supported by substantial evidence.

The record shows that, appellant was sentenced to state prison following a 1995 conviction for forcible lewd act on a child (Pen. Code, § 288, subd. (b)), and a 1996 conviction for lewd conduct on a child under the age of 14 (Pen. Code, § 288, subd. (a)).

On February 7, 2006, the Los Angeles County District Attorney filed a petition for commitment as a sexually violent predator.  (§ 6600 et seq.)  The trial court found that appellant was likely to engage in sexually violent predatory criminal behavior upon his release and set the matter for trial.

At an August 23, 2012 pretrial hearing, appellant's trial counsel requested that the court postpone the trial until March 5, 2013, due to calendar conflicts.  The trial court determined that counsel was free to try the case  and set the matter for an August 28, 2012 pretrial conference and a September 4, 2012 jury trial.

After appellant waived jury trial on August 31, 2012,  the trial was continued to September 10, 2012, by stipulation.  Appellant requested and was granted a second trial continuance to October 9, 2012.[2]

---

[2] At the October 5, 2012 trial readiness hearing, appellant complained that he was being compelled to proceed to trial even though one of his evaluators, Jay Adams, was not available.  The following colloquy took place between the trial court and appellant's trial counsel:  "MR. COOPER [defense counsel] . . . Mr. Adams [is] not available at all.  He just was not available until a date in late November or December.  He's tied up."  Defense counsel confirmed that he had all the evidence to proceed with trial.  "I've discussed that with Mr. Fellows about what he thought was relevant and what I expressed to him that in my professional opinion what individuals at Coalinga may have experienced or what they may have done is not really relevant evidence for this proceeding."  "THE COURT:  And

At trial, two psychologists (Doctor Dawn Starr and Doctor Dana E. Putman) testified that appellant currently suffers from pedophilia (sexually attracted to females. nonexclusive type), frotteurism, voyeurism, and exhibitionism. Doctor Charlene Steen, a forensic psychologist, opined that appellant did not suffer from pedophilia because the vast majority of his victims were adult women. Doctor Starr explained that appellant had a penchant for six to nine year old prepubescent girls, as evidenced by his last three offenses. Doctors Starr and Putman both opined that appellant met all the SVP criteria and was predisposed to commit violent sexual criminal acts. (See *People v. Bowers* (2006) 145 Cal.App.4th 870, 879 [single mental health expert opinion constitutes substantial evidence].)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment (SVP commitment order) is affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

---

you don't need to wait for Mr. Adams to become available? [¶] MR. COOPER: Correct. Correct. [¶] THE COURT: All right. Then I'm accepting counsel's representation that you are still in good shape, Mr. Fellows, to proceed to trial as scheduled."

Susan Speer, Judge

Superior Court County of Los Angeles

_____

/Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.